UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RECLAIM THE RECORDS and ALEC FERRETTI,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>　　　　Defendant. | Civ. No. 23-01529 (VEC) |

# DECLARATION OF REGINA L. BALLARD

Pursuant to 28 U.S.C. § 1746, I, Regina L. Ballard, do hereby make the following declaration under penalty of perjury:

1.　　I am the Division Chief for the Office of Records Management, Records Review and Release Division within Passport Services, Bureau of Consular Affairs of the United States Department of State (the "Department" or "State"), a position in which I have served since January 2014. I am the Department official charged with the responsibility of overseeing the release of passport records and information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Prior to serving in this capacity, I served as the Team Lead for the Office of Legal Affairs and Law Enforcement Liaison.

2.　　I make the following statements based upon my personal knowledge, as well as upon information acquired by me in the course of my official duties.

3.　　The core responsibilities of the Office of Records Management include: (1) responding to passport records requests made by the public (under the FOIA and the Privacy Act), by state, local, and federal agencies, by other government agencies, by foreign

1

governments, and those made pursuant to judicial process such as subpoenas, court orders, and discovery requests; (2) reviewing and determining the release of passport records and information; (3) general management of passport records; and (4) the archival and retrieval of those records.

## I. PLAINTIFF'S FOIA REQUEST

4. On September 6, 2019, the Department received Plaintiff Alec Ferretti's FOIA request to the Department dated September 5, 2019, for "a copy of the Index or finding aid to the Reports of Death of a U.S. Citizen Abroad from 1975-present," which the Department tracked internally using the number F-2019-09405 and subsequently FL-2023-00042 (the "FOIA request"). A true and correct copy of the FOIA request is attached hereto as Exhibit 1. I am familiar with the FOIA request, which is the subject of the above-captioned litigation.

5. This declaration explains the way the Department maintains Consular Reports of Deaths of a U.S. Citizen Abroad ("CRDAs") and why there are no records responsive to Plaintiff's FOIA request.

6. As explained in further detail below, the Department does not maintain an index or "finding aid" for CRDAs.

7. Accordingly, by letter dated April 24, 2023, the Department responded to the FOIA request, informing Plaintiffs that the Department had not identified any records responsive to the FOIA request. A true and correct copy of that letter is attached hereto as Exhibit 2.

## II. THE DEPARTMENT'S MAINTENANCE OF CRDAS

8. CRDAs are created when a U.S. citizen passes away overseas and the passing is reported to a U.S. embassy or consulate. They typically include the citizen's birth date and circumstances surrounding the death. The Department maintains CRDAs in two formats: paper

records and in an electronic database called the Passport Information Electronic Records System ("PIERS").

9.      The Department currently estimates that there are at least 331,000 CRDAs that exist in paper form. These paper records are stored at the Washington National Records Center (the "Records Center") of the U.S. National Archives and Records Administration ("NARA") in Suitland, Maryland. They are generally organized by the date they are digitized and the unique identifier or batch number assigned to the group of archival materials they belong to that have been transferred to NARA. The Department does not have an accurate estimate of those paper records at this time because in order to arrive at such an estimate, a Department employee would need to travel to the Records Center and physically count each paper record in each box, as each box may contain a different number of records.

10.     Most of the 331,000 CRDAs that exist in paper form have been digitized. However, the Department does not maintain any index of, or "finding aid" for, these records.

11.     Counsel for Plaintiffs referred Department counsel to a Systems of Records Notice ("SORN") from March 24, 2015, attached hereto as Exhibit 3, purporting to show that there currently exists "[a]n electronic index of Department of State Reports of Birth of U.S. Citizens Abroad, and Consular Reports of Death Abroad."

12.     While an index existed in the Department's Passport File Miniaturization database ("PFM"), the PFM preceded and was later replaced by PIERS in 2000.

13.     Accordingly, the PFM database is now defunct, and any electronic indices the PFM database employed are not available in PIERS and are otherwise not in existence today. I have inquired with the Department's personnel with subject matter expertise, including in the Office of Consular Systems and Technology, concerning the Department's access to CRDAs,

including their inclusion in PFM and PIERS over the years, as well as with their storage at the Records Center, and can confirm that the Department has not maintained an index for CRDAs since PFM's replacement with PIERS. All files likely to contain relevant records were searched and yielded no such record. I can therefore confirm that an index or finding aid for CRDAs simply does not currently exist in any form, be it electronic or paper.

14. PIERS's retrieving mechanism is different from PFM's. The Department uses PIERS as a tool to allow Department employees to answer file questions relating to passport records. PIERS does not contain any sort of "index" or list of passport records or CRDAs that a system user can pull, and that functionality has never been available to the Department through PIERS. Rather, a PIERS system user must input an individual's personal identifiable information ("PII")—such as name, date of birth, Social Security Number, place of birth, date of death, or place of death—to retrieve information from PIERS, up to a certain number of results beyond which no further results are shown even if they fit the criterion used. That Department employee must then undertake a lengthy process to ensure that the information in PIERS matches the information in the actual electronic record(s) for the individual in question. PIERS does not offer system users the capability to generate a list of CRDAs from a specific date to another specific date.

15. In other words, the term "electronic index" in the referenced SORN refers to the entirety of the collection of CRDAs as maintained in digital form in PIERS, and not to an index or list of CRDAs that is available to a system user.

16. To clarify, while the Department is able to retrieve some copy—whether electronic or paper—of CRDAs from 1975 to the present, they exist in the form of either individual paper records, each of which must be manually searched in boxes that are not

4

organized by PII, or as individual electronic records, each of which can only be retrieved from PIERS using PII.

17.     Finally, based on inquiries with the Department personnel with subject matter expertise, including in the Office of Consular Systems and Technology, regarding whether an index could be generated using the Department's current capability, there is no "backend" from which the Department may extract the entire database of CRDAs.

18.     The "backend" is different from the "frontend" in three important respects.  Most importantly, the "backend" offers the ability to search with criteria that are additional to the ones available to a system user in the normal course of business as described in Paragraph 14 above. There is also no numerical cap to the number of results returned.  However, the results are only reference numbers to be used in PIERS, which is to say the results contain no information about the record(s) being requested that could be used to generate an index or finding aid for all the CRDAs.  The capabilities offered are otherwise the same capabilities to which a system user already has access in the normal course of business.

19.     In sum, the Department maintains neither an "index" in PIERS that Department employees with appropriate access can pull, print, or otherwise generate that is responsive to the FOIA request, nor any "finding aid" for CRDAs.

20.     Generating an index of over 331,000 CRDAs would already by itself be a monumental undertaking, but attempting to do so without each individual's PII would be especially so.  A member or members of the Department's support team would need to conduct a search for every individual date from 1975 to the present (*i.e.*, January 1, 1975, January 2, 1975, and so on).  The Department's support team would need to provide the entire collection of resulting reference numbers to one or more PIERS system users, who would then need to match

those reference numbers, one by one, to an entry in PIERS, and then match those PIERS results with any corresponding electronic record(s).  Should an electronic record not exist for the generated reference number or if the electronic record is deficient (*e.g.*, illegible), a Department employee would need to coordinate with the Records Center to manually search every box using the digitized date, unique identifier or batch number, and/or any other available information generated by PIERS to locate the corresponding paper record.  Finally, a Department employee would need to input all the data collected from either the electronic or paper records to generate an index.  This entire effort would require at a minimum thousands of manhours, which would necessarily pull many if not all of Passports Records Management's employees away from their regular duties, including responding to other FOIA requests the Department receives, at a time when they are already short-staffed and thinly stretched.

## IV. CONCLUSION

21. In connection with the FOIA request, I have considered how the Department maintains CRDAs, consulted Department employees with relevant knowledge and expertise, and confirmed that the Department does not have an index of, or "finding aid" for, CRDAs from 1975 to the present.

22. The Department therefore has no records that are responsive to the FOIA request, as the Department informed Plaintiff in its letter dated April 24, 2023.  *See* Exhibit 2.

23. Based on my experience as the Division Chief for Office of Records Management, Records Review and Release Division within  Passport Services,  Bureau of Consular Affairs of the Department, my understanding of the request at issue, the information available to me regarding CRDAs in the Department's possession, and the inquiries and searches conducted by the Department in connection with the request at issue, I declare that the Department had

conducted a search reasonably calculated to uncover all potentially responsive records and that all files likely to contain relevant records were searched.

Executed by me on January 22, 2024, Washington, D.C.

_____
Regina L. Ballard