

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 8, 2024

<u>By ECF</u>
The Honorable Valerie E. Caproni
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

  Re: *Reclaim the Records, et ano., v. U.S. Department of State*, No. 23 Civ. 1529 (VEC)

Dear Judge Caproni:

  This Office represents the United States Department of State (the "Department") in the above-referenced action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 522. Plaintiffs' FOIA request asked the Department to produce "a copy of the Index or finding aid to the Reports of Death of a U.S. Citizen Abroad from 1975-present." ECF No. 31-1. Recently, the parties' motions for summary judgment were fully briefed. *See* ECF Nos. 30, 31-32, 41-42, 45-47, 50. I write respectfully to provide this Court with a copy of the recent Opinion and Order granting summary judgment to the Department in *Reclaim the Records v. U.S. Department of State*, No. 23 Civ. 1471 (JMF) ("Opin."), a FOIA case involving the same parties as the instant matter and involving a similar request for a "copy of the index to all birth and death records held by the State Department for the Panama Canal Zone" (the "PCZ case"), Opin. at 4. As in the instant case, the FOIA request in the PCZ case implicated the Department's electronic database, Passport Information Electronic Records System ("PIERS").

  In the PCZ case, the Department denied the FOIA request on the ground that the record requested by the plaintiffs did not exist. Opin. at 5. As in the instant case, the plaintiffs relied primarily on a declaration from a purported database expert, Ron Schnell, to maintain that the Department can search PIERS to yield data from which responsive records could be generated. Opin. at 11-12. The Court found it "doubtful that the Court should even consider Schnell's declaration" for several reasons equally applicable to the instant case. *Id*. at 12. The Court observed that "the adequacy of a federal agency's search for documents in response to a FOIA request is not [usually] a topic on which [the Court] needs the assistance of an expert." *Id*. at 12 (internal quotation marks and citation omitted). The Court then noted that Schnell was "not a [Department] employee, and [] does not aver that he has ever worked at . . . the [Department]," that his "understanding of the record-keeping system relevant to this case concededly stems entirely from [the Department]'s declarations", and that "his declaration is limited to broad assertions about '[a]ll modern databases' and what he 'would expect someone with direct database access' to do when faced with a FOIA request like Plaintiffs.'" *Id*. Consequently, "[t]his makes it unlikely that Schnell's declaration 'reflects a reliable application of the principle and methods to the *facts of the case*.' Fed. R. Evid. 702(d) (emphasis added)." *Id*. "But even if the Court could properly consider Schnell's declaration, the declaration fails to sufficiently counter Ballard's and Westmark's detailed technical explanations of the ways in which PIERS is 'unlike . . . a typical database' . . . and how, as a result, it does not contain and cannot generate 'records responsive to Plaintiff[s'] FOIA request'". *Id*. at 13. Noting that "for the most part, Schnell provides 'generalities about technical capabilities of generic systems,' which is not enough to

overcome an agency's detailed declarations 'as to the technical feasibility and reproducibility of a records request,'" *id.* (citation omitted), the Court explained that "[i]n the absence of more specific challenges to Ballard's and Westmark's descriptions of the Department's record-keeping system, Ballard's and Westmark's declarations are enough to establish that an index is not readily available and that a further 'search' for one through the PIERS application 'would be futile,'" *Id.* at 14 (citation omitted).

The Court also explained that "even if one were to require more for something to meet the definition of 'creating' a new record from a database system, the Department would meet the test here as it has established that creating the record requested by Plaintiffs would be an onerous undertaking indeed, *id.* at 15, and that "the Department is 'not expected,' let alone required, 'to take [such] extraordinary measures' in order to fulfill a FOIA request." *Id.* at 16 (citation omitted). The Court ultimately found that the Department was entitled to summary judgment because the Department's "declarations set forth in 'reasonably specific detail' . . . both that the Department conducted an adequate search for any preexisting or readily available indexes and lists and that fulfilling Plaintiffs' request would require the creation of new records," and "Plaintiffs fail to rebut the presumption of good faith owed to these representations." Opin. at 10 (internal citation omitted); *id.* at 10-18.

I thank the Court for its consideration of this matter.

           Respectfully submitted,

           DAMIAN WILLIAMS
           United States Attorney

By: _____
    JOSEPH A. PANTOJA
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Telephone: (212) 637-2785
    E-mail: joseph.pantoja@usdoj.gov
    *Attorney for Defendant*

Enc.
cc: Counsel of record (by ECF)